Lewis COLE et al., Appellants,

v.

John L. McCLELLAN et al.

The UNIVERSITY SENATE OF the CITY UNIVERSITY OF NEW YORK et al., Appellants,

v.

John L. McCLELLAN et al.

Nos. 23424, 23425.

United States Court of Appeals, District of Columbia Circuit.

Argued June 23, 1970.

Decided Nov. 6, 1970.

Mr. George H. Revercomb, Atty., Department of Justice, for appellees. Messrs. Alan S. Rosenthal and Ralph A. Fine, Attys. Department of Justice, and Thomas A. Flannery, U. S. Atty., were on the brief for appellees.

Mr. Jeremiah S. Gutman, New York City, with whom Messrs. Morton Stavis, William M. Kunstler, New York City, Philip J. Hirschkop, Alexandria, Va., Lawrence Speiser, Washington, D. C., and Melvin L. Wulf, New York City, were on the brief, for appellants.

Before LEVENTHAL, ROBB, and WILKEY, Circuit Judges.

PER CURIAM:

These are appeals from orders of the District Court dismissing actions by appellants against the Chairman, members, and two staff members of the Senate Permanent Subcommittee on Investigations of the Committee on Government Operations. Appellants challenge the validity of certain subpoenas *duces tecum* served on various colleges and universities by appellees, and seek to enjoin the use of information obtained from these institutions through their compliance with the subpoenas.

On February 17, 1969, the Senate authorized the Committee on Government Operations, and its subcommittees, to investigate the causes and effects of riots and other disorders in the United States, along with the means necessary for their prevention.[1] On May 1, 1969, the Senate adopted a motion by Senator Mundt, approving public hearings by the Subcommittee on Investigations concerning this investigation.[2] Pursuant to these resolutions, subpoenas *duces tecum* were issued by the Subcommittee to various colleges and universities, including Columbia, Cornell, the University of California at Berkeley, and the City University of New York. These subpoenas sought, among other things, the names of persons and organizations who had participated in disorders on these campuses,

records showing the names of the officers and faculty advisers of campus activities, and records showing the extent to which the persons named were receiving aid from the federal government or a tax-exempt agency. There was general compliance with these subpoenas, and most if not all of the requested information was turned over to the Subcommittee.

On June 17, 1969, appellants filed two actions in District Court, seeking both a declaration that the subpoenas issued by appellees were invalid, and a temporary and permanent injunction against appellees' use of the documents and information obtained as a result of those subpoenas. These actions were dismissed by the District Court on June 26, 1969, on grounds that the issues presented were not justiciable and the harm claimed, too speculative. We affirm.

Where, as here, a lawsuit seeks to restrain or limit a Congressional committee, or more accurately the members of the staff, with regard to use of information in the hands of the committee, there are doctrines of judicial restraint, which operate to avoid the possibility of unwarranted interference with a coordinate branch of government, by requiring dismissal of applications not substantiated by a showing of need arising out of immediate threats to constitu-

---

1. Sen.Res.No.26, 91st Cong., 1st Sess. § 5 (1969) :

   The Committee on Government Operations or any duly authorized subcommittee thereof is authorized until January 31, 1970, to make a full and complete study and investigation of riots, violent disturbances of the peace, vandalism, civil and criminal disorder, insurrection, the commission of crimes in connection therewith, the immediate and longstanding causes, the extent and effects of such occurrences and crimes, the measures necessary for their immediate and long-range prevention and for the preservation of law and order and to insure domestic tranquility within the United States.

2. Senator Mundt's motion reads in pertinent part as follows :

   I move, pursuant to Rule I of the Permanent Subcommittee on Investiga-

tions, that approval be given to said Subcommittee to hold public hearings or executive sessions until January 31, 1970, * * * in connection with the investigation of riots and civil and criminal disorders in cities, on college campuses and elsewhere, and to hear testimony to determine whether there are groups or organizations or individuals who are fostering, or whose purposes, aims and objectives include the fostering of such riots and civil and criminal disorders and to ascertain their key personnel, aims and objectives, organizational structures and sources of funds, and all other facts relevant to the question whether additional legislation is necessary or appropriate to prevent the recurrence of such riots, civil and criminal disorders.

tional rights. Davis v. Ichord, U.S.App. D.C. (Nos. 23,426–27, August 20, 1970).

 Judicial restraint is certainly proper in a case like the one before us, where the salient factors, taken in conjunction with each other, reveal (a) information delivered to the committee without objection or protest, (b) only the vaguest allegations of anticipated harm—a hypothetical speculation that at some indeterminate future occasion a student will decline to join, or a faculty member to advise, some campus organization; or that a Congressional blacklist will be used to cut off governmental benefit to those named; and (c) a lack of any showing of current activity by the committee staffs which constitute, as to the class of plaintiffs, an actual threat along such lines, or which otherwise give immediacy to the claim that constitutional freedoms are being infringed or jeopardized.[3]

Affirmed.

Bazelon, Chief Judge, and J. Skelly Wright, Circuit Judge, dissented and each filed opinion.

---

3. Since each of us is of the view that the case before us, with the characteristics outlined in the opinion, should not be entertained, we have no occasion to indicate our views on what disposition would be appropriate in the light of a different set of facts.